| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF OHIO |
| Case number *(if known)* _____    Chapter   11 |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy           02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Rhino Exploration LLC

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)   26-2848863

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 424 Lewis Hargett Circle, Suite 250<br>Lexington, KY 40503 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Fayette | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)   N/A

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  **Rhino Exploration LLC** _____    Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    __2121__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
    ☐ A plan is being filed with this petition.
    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | See Rider 1 attached hereto. | Relationship | _____ |
|---|---|---|---|---|
| | District | _____ | When _____ | Case number, if known _____ |

Official Form 201      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      page 2

Debtor  **Rhino Exploration LLC** _____   Case number (*if known*) _____
          Name

**11. Why is the case filed in *this district?***   *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                              Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
          Contact name _____
          Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  Rhino Exploration LLC  Case number (*if known*)
      Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/22/2020
               MM / DD / YYY

**X** /s/ Richard A. Boone            Richard A. Boone
    Signature of authorized representative of debtor      Printed name

Title   President and Chief Executive Officer

**18. Signature of attorney**

**X** /s/ Douglas L. Lutz                Date  07/22/2020
    Signature of attorney for debtor                         MM / DD / YYYY

Douglas L. Lutz
Printed name

Frost Brown Todd LLC
Firm name

3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Number, Street, City, State & ZIP Code

Contact phone  513-651-6800      Email address  dlutz@fbtlaw.com

0064761 OH
Bar number and State

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**Southern District of Ohio**

Case number (if known) _____ Chapter 11

☐ Check if this is an amended filing

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Ohio for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hopedale Mining LLC.

| | |
|---|---|
| Hopedale Mining LLC | Castle Valley Mining LLC |
| Rhino GP LLC | Jewell Valley Mining LLC |
| Rhino Resource Partners LP | Rhino Services LLC |
| Rhino Energy LLC | Rhino Oilfield Services LLC |
| Rhino Trucking LLC | Rhino Technologies LLC |
| Rhino Exploration LLC | CAM Mining LLC |
| Triad Roof Support Systems LLC | Rhino Coalfield Services LLC |
| Springdale Land LLC | CAM-Kentucky Real Estate LLC |
| McClane Canyon Mining LLC | CAM-BB LLC |
| Rhino Northern Holdings LLC | Leesville Land LLC |
| CAM-Ohio Real Estate LLC | CAM Aircraft LLC |
| CAM-Colorado LLC | Pennyrile Energy LLC |
| Taylorville Mining LLC | Rhino Eastern LLC |
| CAM Coal Trading LLC | Rockhouse Land LLC |

0110354.0731024   4815-6614-4440v1

# United States Bankruptcy Court
### Southern District of Ohio

In re   Rhino Exploration LLC                               Case No.
                        Debtor(s)                           Chapter    11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Rhino Energy, LLC<br>424 Lewis Hargett Circle, Suite 250<br>Frankfort, KY 40601 | Sole Member | 100% | Membership interest |

# United States Bankruptcy Court
### Southern District of Ohio

In re  Rhino Exploration LLC                                            Case No.
                            Debtor(s)                                   Chapter    11

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  Rhino Exploration LLC  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Rhino Energy, LLC
424 Lewis Hargett Circle, Suite 250
Frankfort, KY 40601


☐ None [*Check if applicable*]

**Fill in this information to identify the case:**

Debtor name __Rhino Exploration LLC__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF OHIO__

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/22/2020

X /s/ Richard A. Boone
Signature of individual signing on behalf of debtor

Richard A. Boone
Printed name

President and Chief Executive Officer
Position or relationship to debtor

JOINT UNANIMOUS WRITTEN CONSENT
OF THE SOLE MANAGER AND SOLE MEMBER OF

RHINO TRUCKING LLC, RHINO EXPLORATION LLC, TRIAD ROOF SUPPORT SYSTEMS LLC, SPRINGDALE LAND, LLC, MCCLANE CANYON MINING LLC, RHINO NORTHERN HOLDINGS LLC, CAM-OHIO REAL ESTATE LLC, CAM-COLORADO LLC, TAYLORVILLE MINING LLC, CAM COAL TRADING LLC, CASTLE VALLEY MINING LLC, RHINO EASTERN LLC, RHINO SERVICES LLC, RHINO OILFIELD SERVICES LLC, RHINO TECHNOLOGIES LLC, CAM MINING LLC, RHINO COALFIELD SERVICES LLC, HOPEDALE MINING LLC, CAM-KENTUCKY REAL ESTATE LLC, CAM-BB LLC, LEESVILLE LAND, LLC, CAM AIRCRAFT LLC, PENNYRILE ENERGY LLC and JEWELL VALLEY MINING LLC

IN LIEU OF SPECIAL MEETING

July 21, 2020

In lieu of separate meetings of the sole Manager (the "Manager") and the sole Member (the "Member") of each of Rhino Trucking LLC, Rhino Exploration LLC, Triad Roof Support Systems LLC, Springdale Land, LLC, McClane Canyon Mining LLC, Rhino Northern Holdings LLC, CAM-Ohio Real Estate LLC, CAM-Colorado LLC, Taylorville Mining LLC, CAM Coal Trading LLC, Castle Valley Mining LLC, Rhino Eastern LLC, Rhino Services LLC, Rhino Oilfield Services LLC, Rhino Technologies LLC, CAM Mining LLC, Rhino Coalfield Services LLC, Hopedale Mining LLC, CAM-Kentucky Real Estate LLC, CAM-BB LLC, Leesville Land, LLC, CAM Aircraft LLC, Pennyrile Energy LLC and Jewell Valley Mining LLC, each a limited liability company created and existing under the laws of the State of Delaware (each of the companies listed above shall be referred to herein individually as "Company" and collectively as the "Companies"), the undersigned Manager and Member of each Company, in accordance with the Limited Liability Company Agreement of such Company, do hereby unanimously consent to the adoption of the following recitals and resolutions by this joint unanimous written consent (this "Consent"):

**WHEREAS,** the Manager and Member of each Company have (a) regularly and carefully reviewed the materials and other information presented by the management and the advisors of such Company regarding business conditions, such Company's operations, its current and projected financial position and other relevant information, (b) thoroughly evaluated such Company's strategic alternatives, including a possible restructuring, (c) conferred extensively with such Company's management and advisors regarding these matters, and (d) determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") is in the best interests of such Company and its stakeholders;

**NOW THEREFORE, BE IT:**

**RESOLVED,** that in the judgment of the Manager and the Member of each Company it is desirable and in the best interests of such Company, its creditors, and other interested parties that such Company seek relief under chapter 11 of the Bankruptcy Code;

**FURTHER RESOLVED,** that each Company shall be, and it hereby is, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), in the United States Bankruptcy Court for the Southern District of Ohio or such other court as any Manager, director or officer, including the Chief Restructuring Officer, (each, an "Authorized Person") of such Company shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof;

**FURTHER RESOLVED,** that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, declarations, affidavits, schedules, statements, lists, motions, applications, notices and other papers or documents necessary, desirable or appropriate in connection with the foregoing in such form or forms as any such Authorized Person may approve; (c) execute, on behalf of each limited liability company, corporation, partnership, limited partnership or other entity for which a Company is a manager, managing member, member or other governing authority, any written consent or other written action approving, authorizing, ratifying or taking similar action with respect to all or any matters described in this Consent in a manner consistent with this Consent; and (d) take or cause to be taken any and all further actions as the Authorized Persons deem necessary, desirable or appropriate; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petition and all ancillary documents and all other petitions, declarations, affidavits, schedules, statements, lists, motions, applications, notices and other papers or documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, to retain: (a) Frost Brown Todd LLC; (b) Energy Ventures Analysis, Inc.; (c) Whiteford, Taylor & Preston LLP; (d) FTI Consulting, Inc.; (e) Cambio Group LLC and Thomas L. Fairfield; and (f) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, agents or brokers (together with the foregoing identified firms, the "Professionals"), in each case as in any such Authorized Person's judgment may be necessary, desirable or appropriate in connection with such Company's Chapter 11 Case and other related matters, on such terms, including appropriate retention agreements and retainers, as such Authorized Person or Authorized Persons shall approve and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that the law firm of Frost Brown Todd LLC and any additional conflicts, special or local counsel, if any, selected by the applicable Authorized Persons shall be, and hereby are, authorized, empowered and directed to represent and assist each Company, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code, including assisting each Company in carrying out its duties under the Bankruptcy Code and taking any and all actions as may be necessary or desirable to advance each Company's rights thereunder, including filing any pleadings and taking any other actions as may be necessary or desirable;

**FURTHER RESOLVED,** that Thomas L. Fairfield of Cambio Group LLC shall be, and hereby is, authorized, empowered and directed to represent and assist each Company as its Chief Restructuring Officer and Cambio Group LLC shall be, and hereby is, authorized, empowered and directed to assist each Company, in each case, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

**FURTHER RESOLVED,** that the firm of Energy Ventures Analysis, Inc. shall be, and hereby is, authorized, empowered and directed to represent and assist each Company as its financial advisor in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

**FURTHER RESOLVED,** that the firm of FTI Consulting, Inc. shall be, and hereby is, authorized, empowered and directed to assist each Company in preparing schedules, reports and other matters, at the direction of the Chief Restructuring Officer, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

**FURTHER RESOLVED, t**hat each Authorized Person, employee and agent shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, employee or agent, to continue to operate such Company and its business in the ordinary course of business;

**FURTHER RESOLVED,** that in the judgment of the Manager and the Member of each Company it is desirable and in the best interests of such Company, its creditors, and other interested parties that such Company obtain a new debtor in possession financing facility or facilities to facilitate the conduct of such Company's business as part of the Chapter 11 Case;

**FURTHER RESOLVED,** that each Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) seek approval of a cash collateral and debtor in possession financing order in interim and final form (a "Financing Order") and, as permitted in accordance with the Financing Order, enter into and incur any obligations under a new debtor in possession financing facility or facilities, including use of cash collateral, and any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with Colbeck Strategic Lending Master, L.P. and Cion Investment Corporation or such other lenders and on such terms as may be approved by any one or more of the Authorized Persons of such Company, as may be reasonably necessary, desirable or appropriate for the continuing conduct of the affairs of such Company; and (b) pay all fees and expenses with respect to, incur (or guarantee, as applicable) the debt and other obligations and liabilities contemplated by, and perform fully such Company's obligations under,

the Financing Order and the Financing Transactions and grant security interests in and liens upon some, all or substantially all of such Company's assets, whether now owned or hereafter acquired, in each case as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons of such Company in connection with the Financing Transactions; and the actions of any Authorized Person taken pursuant to this resolution shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that: (a) the Authorized Persons shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, as debtor and debtor in possession, to seek approval of the Financing Order and negotiate, execute, acknowledge, deliver and verify such certificates, instruments, guaranties, credit agreements, pledge agreements, security agreements, promissory notes, letter of credit applications, mortgages, deeds of trust, intellectual property security agreements, account control agreements, other collateral documents or security instruments, instruments, notices and any and all other agreements or documents arising in connection with the Financing Order or the Financing Transactions as any such Authorized Person may deem necessary or appropriate to facilitate the Financing Order and the Financing Transactions, in each case including any amendments, amendment and restatements, renewals, replacements, consolidations, substitutions, extensions, supplements or other modifications to the foregoing (collectively, the "Financing Documents"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, desirable or appropriate by any Authorized Person of a Company are approved; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the negotiation, execution, acknowledgement, delivery and verification of all such Financing Documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that in the judgment of the Manager and the Member of each Company it is desirable and in the best interests of such Company, its creditors, and other interested parties that such Company sell all or substantially all of its assets as part of the Chapter 11 Case;

**FURTHER RESOLVED,** that each Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to enter into an Asset Purchase Agreement with respect to the sale of substantially all of such Company's assets in substantially the form provided to the Manager and the Member of such Company with such changes therein as may be approved by one or more of the Authorized Persons of such Company (the "Stalking Horse Bid"); and

**FURTHER RESOLVED,** that each Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) seek approval of a sale order (a "Sale Order") and, as permitted in accordance with the Sale Order, enter into and incur any obligations under one or more asset purchase agreements and any associated documents and consummate the transactions contemplated including, without limitation, the Stalking Horse Bid (collectively, the "Sale Transactions"), with such purchasers and on such terms as may be approved by any one or more of the Authorized Persons of such Company, as may be reasonably

4

necessary, desirable or appropriate for the sale of the assets of such Company; and (b) pay all fees and expenses with respect to, incur the obligations and liabilities contemplated by, and perform fully such Company's obligations under, the Sale Order and the Sale Transactions, in each case as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons of such Company in connection with the Sale Transactions; and the actions of any Authorized Person taken pursuant to this resolution shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that: (a) the Authorized Persons shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, as debtor and debtor in possession, to seek approval of the Sale Order and negotiate, execute, acknowledge, deliver and verify such asset purchase agreements, bills of sale, assignments of leases, assignments of contracts, permit operating agreements, certificates, instruments and any and all other agreements or documents arising in connection with the Sale Order or the Sale Transactions as any such Authorized Person may deem necessary or appropriate to facilitate the Sale Order and the Sale Transactions, in each case including any amendments, amendment and restatements, renewals, replacements, consolidations, substitutions, extensions, supplements or other modifications to the foregoing (collectively, the "Sale Documents"); (b) Sale Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, desirable or appropriate by any Authorized Person of a Company are approved; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the negotiation, execution, acknowledgement, delivery and verification of all such Sale Documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person be, and hereby is, authorized with full power of delegation, in the name and on behalf of each Company with respect to which she/he is an Authorized Person, to take or cause to be taken any and all such further actions and to execute, deliver, certify, file and/or record, or cause to be executed, delivered, certified, filed and/or recorded, and to amend, supplement or otherwise modify from time to time, and to perform, any and all such agreements, documents, certificates, instruments, statements, notices, undertakings, amendments, declarations, affidavits, complaints, applications for approvals or ruling of governmental or regulatory authorities and other writings, and to incur and to pay or direct payment of all such fees and expenses, including filing fees, as in the judgment of such Authorized Person shall be necessary, appropriate or desirable to effectuate a successful restructuring of such Company's business, including without limitation any action necessary to maintain the ordinary course operation of such Company's business, and the other purposes and intent of any and all of the foregoing resolutions adopted herein; and the actions of any Authorized Person taken pursuant to this resolution shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED,** that all acts lawfully done or actions lawfully taken by, or at the direction of, an Authorized Person of a Company, or by any of the Professionals for a Company, in connection with the Chapter 11 Case, any proceedings related thereto, any of the matters contemplated by the foregoing resolutions or any matter related thereto, be, and hereby

are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the applicable Company;

**FURTHER RESOLVED,** that any and all lawful acts, actions and transactions by, or at the direction of, an Authorized Person of a Company, for and on behalf and in the name of such Company, relating to any of the matters contemplated by the foregoing resolutions, including in connection with the Financing Transactions or the Sale Transactions, before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes; and

**FURTHER RESOLVED,** that each Authorized Person hereby is authorized and directed to certify and/or attest these resolutions to any person or entity as such Authorized Person may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on a Company; and

**FURTHER RESOLVED,** that this Consent may be executed in any number of separate counterparts, each of which shall collectively and separately constitute one Consent and any facsimile or photocopy of the same shall constitute an original.

**[Remainder of Page Intentionally Left Blank; Signature Pages Follow]**

IN WITNESS WHEREOF, the undersigned has executed this Consent to be effective as of the date first set forth above.

**Sole Manager and Sole Member of Rhino Trucking LLC, Rhino Exploration LLC, Triad Roof Support Systems LLC, Springdale Land, LLC, McClane Canyon Mining LLC, Rhino Northern Holdings LLC, CAM-Ohio Real Estate LLC, CAM-Colorado LLC, Taylorville Mining LLC, CAM Coal Trading LLC, Castle Valley Mining LLC, Rhino Eastern LLC, Rhino Services LLC, Rhino Oilfield Services LLC, Rhino Technologies LLC, CAM Mining LLC, Rhino Coalfield Services LLC, Hopedale Mining LLC, CAM-Kentucky Real Estate LLC, CAM-BB LLC, Leesville Land, LLC, CAM Aircraft LLC, Pennyrile Energy LLC and Jewell Valley Mining LLC**

RHINO ENERGY LLC

By: _____
Name: Richard A. Boone
Title: President and CEO